[No. 12075. Department One. December 1, 1914.]

M. F. COOMBS *et al., Respondents,* v. CHARLES JAMES,
*Appellant.*[1]

TRIAL—PROVINCE OF COURT AND JURY—DIRECTED VERDICT. The verdict of a jury is conclusive upon all disputed facts, but the court may direct the judgment when warranted by the undisputed facts and the law applicable thereto.

PHYSICIANS AND SURGEONS—MALPRACTICE—ABORTION—PROXIMATE CAUSE — EVIDENCE — SUFFICIENCY. In an action for malpractice, in giving a wrong diagnosis and in causing an abortion by negligent application of electrical treatment, the evidence is insufficient to show that such treatment was the proximate cause of the injury, or to sustain judgment for plaintiff, where there was evidence to the effect that, at her first visit, plaintiff was advanced in pregnancy about two months, that defendant advised that she was not pregnant but suffering from delayed menstruation, and that, while taxing mild applications of electricity for the latter trouble, the plaintiff, as she admitted, had, without obtaining a physician's prescription, purchased an ounce bottle of extract of cotton root, which she took in certain doses until all had been taken, and, according to all speaking with knowledge of the subject, cotton root is an abortive medicine, and when taken internally as plaintiff took it, will pro-

[1]Reported in 144 Pac. 536.

duce an abortion within the time of plaintiff's miscarriage, depending somewhat upon the physical condition and susceptibility of the patient; since the proximate cause of the injury cannot be left to speculation and conjecture.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered February 16, 1914, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for malpractice. Reversed.

*Harry H. Johnston*, for appellant.

*Frank H. Kelley* and *G. C. Nolte*, for respondents.

MORRIS, J.—The respondent wife suffered a miscarriage, which she attributed to electrical treatment administered to her by appellant. The complaint alleged an erroneous diagnosis and a negligent application of electricity as the cause of the injury. The defense was a denial of any act on the part of appellant that would contribute to the injury sustained, with an allegation that the miscarriage was the direct result of an abortive medicine, known as extract of cotton root, which was taken with the design of producing a miscarriage. The cause was twice tried below. Upon the first trial, the jury disagreed; upon the second, the verdict was in favor of respondents.

Error is urged in the denial of appellant's motion for judgment, and in the exclusion of certain statements made by Mrs. Coombs, to the effect that she would not have any more babies and that she had taken everything she could to avoid such happening. The second error goes only to the award of a new trial; while the first, if sustained, calls for a dismissal of the case. The jury having found against appellant, the verdict is conclusive upon all disputed issues. It seems to us, however, that the undisputed facts, and the law applicable to such facts, sustain appellant's first contention.

At the time of the first visit to the appellant, Mrs. Coombs was advanced in pregnancy about two months. It is admitted that, upon this visit, the appellant advised that she

was not pregnant but suffering from delayed menstruation, and that a mild application of electricity would restore normal conditions. Mrs. Coombs admits that, while this treatment was being administered, she went to a drug store on April 17, and first ascertaining that it could be obtained without a physician's prescription, purchased an ounce bottle of extract of cotton root, and upon reaching home, took its contents in certain doses, until she had taken it all. The last electrical treatment administered by appellant was on April 23, and on May 7 she miscarried.

While there may have been some dispute as to whether or not the treatment administered by appellant was sufficient to produce a miscarriage, there is none that cotton root, taken as Mrs. Coombs admits she took it, would produce such a result. It is admitted, by all who speak from a knowledge of the subject, that cotton root is an abortive medicine, and when taken internally by a woman advanced two months in pregnancy, will produce an abortion in from two to fourteen days or longer, depending somewhat upon the physical condition of the woman taking it and her susceptibility to the effect it produces. Admitting, therefore, as contended by respondents, that the treatment given by appellant, while neither administered nor received with abortive intent, would produce the miscarriage, we also have the undisputed fact that cotton root, taken internally by a woman in Mrs. Coombs' condition, will produce a like result.

As between these two causes, for one of which only appellant would be responsible, which was the proximate cause of the injury suffered by Mrs. Coombs? To answer is to guess, since it is impossible for the evidence to give any indication. The evidence as to the first cause is conjectural, and the most that can be said is that it is equally consistent with proper and improper treatment. The evidence as to the second cause is certain and consistent only with one theory, and that is that it would produce an abortion and was taken with that intent. In the face of these facts, we do not feel

that a jury should be permitted to speculate between these two causes. We have often said that mere evidence of different causes that could produce an injury is not sufficient, and that where circumstantial evidence is relied upon to establish a cause of injury, it is not sufficient to show causes for which the defendant would be liable which could have produced the injury, without showing that it could not have been produced in any other manner or in a manner for which the defendant would not be liable. Here we have a situation differing from the above only in that the evidence, without dispute, shows Mrs. Coombs to have voluntarily produced a condition that would result in that for which she seeks to hold appellant liable; and while we cannot invade the province of the jury and say where the weight of the evidence was, we can say that, in the light of all the evidence, the producing cause of the injury was speculative and conjectural, and that it is not consistent with justice to permit a verdict to stand which disregards an undisputed and certain cause of the injury and finds in favor of one that is disputed and uncertain. The ordinary layman acting as a juror would have no knowledge as to the effect upon the womb of a pregnant woman of electricity as administered by appellant or cotton root as taken by Mrs. Coombs. It is not, therefore, a case where the jury as men and women of affairs may draw their own inference from the facts. The case is one of those sometimes submitted to the court and jury when dependence must be placed upon the evidence of medical men, because there is no other guide.

"When the burden of proof is on the plaintiff to show that the injury was negligently caused by defendant, it is not enough to show the injury, together with the expert opinion that it might have occurred from negligence and many other causes. Such evidence has no tendency to show that negligence did cause the injury. When plaintiff produces evidence that is consistent with an hypothesis that the defendant is not negligent, and also with one that he is, his proof tends to establish neither."

The above is taken from the opinion of Mr. Justice Taft, speaking in a malpractice case, *Ewing v. Goode*, 78 Fed. 442. Such language is applicable to a case of this character, and supports the view that no verdict should be permitted to stand in cases of this character when the jury disregards that which is certain and undisputed in favor of that which is conjectural. Nor is it permitted to speculate as between two acts the effect of which cannot be determined by any human agency, as to which is the proximate cause of the given happening. The law will not permit a woman to take an abortive medicine and then, when the natural result follows, to maintain an action upon the speculation that her injury was not produced by herself but was the result of some treatment administered by her physician. The case is not like those where, as between disputed facts, a jury may determine the cause of an injury. Here there was no dispute as to either the act or its natural result.

Judgment should have been entered in appellant's favor. The judgment is reversed and the cause remanded with instructions to dismiss.

CROW, C. J., PARKER, GOSE, and CHADWICK, JJ., concur.